**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| **IN RE:** | ) | **CASE NO. 14-67619-WLH** |
| | ) | |
| **RAJESHWAR D. SHARMA,** | ) | **CHAPTER 7** |
| | ) | |
| Debtor. | ) | |
| | ) | |

**APPLICATION FOR FINAL COMPENSATION BY ATTORNEYS FOR TRUSTEE AND**
**REQUEST FOR AUTHORIZATION TO PAY COMPENSATION**

COMES NOW, Arnall Golden Gregory LLP (the "Applicant"), attorneys for Trustee, and respectfully represents:

1.

Applicant is currently employed as counsel for Trustee, having been appointed by appropriate Order of this Court.

2.

Applicant has rendered professional services on Trustee's behalf since March 3, 2016 and makes this Application for Final Compensation of Fees and Expenses through conclusion of the case after November 4, 2020.

3.

All services for which compensation is requested by Applicant were performed for and on behalf of the Trustee and not on behalf of any creditor or other person.

13503656v1

4.

Applicant has prepared a detailed description of services rendered from March 3, 2016 through the closing of the case after November 4, 2020, by date, time and nature of service performed, which is annexed hereto as Exhibit "A."

5.

Applicant has incurred actual and necessary costs and expenses in the amount of $219.22. Said costs and expenses are set forth in Exhibit "A."

6.

The reasonable value of the services rendered by Applicant, as Attorneys for Trustee in these proceedings under Chapter 7 for the period set forth above is $52,106.50. Applicant has devoted a total of 127.2 hours of attorney and paralegal time for a blended rate of $409.64. The number of hours spent and the hourly rates applicable to each person are set forth on pages 13 and 14 of Exhibit "A1" and page 3 of Exhibit "A2."

7.

Exhibit "B" attached hereto consists of the résumés of Applicant attorneys charging for his or her services on behalf of the Trustee.

8.

Exhibit "C" attached hereto is an Affidavit of Neil C. Gordon confirming the facts set out in this Application and Exhibits hereto.

9.

This Application is filed pursuant to §330 and §331 of the Bankruptcy Code. Applicant shows that the final compensation requested by Applicant satisfies the standards and guidelines set forth in Johnson v. Georgia Highway Express, 488 F.2d 714 (U.S.C.A.

5th 1974), and In Re First Colonial Corporation, 544 F.2d 1291 (U.S.C.A. 5th 1977), as amplified by Norman v. Housing Authority of City of Montgomery, 836 F.2d 1292 (11th Cir. 1988).

10.

Debtor scheduled his joint interest in certain improved real property with a common address of 12250 Meadows Lane, Alpharetta, Fulton County, Georgia (the "Property") with a value of $300,000.00. Trustee filed Adversary Proceeding No. 16-05211], seeking a declaration that (a) the *Deed to Secure Debt* (the "Security Deed"), against the Property, in favor of Branch Banking & Trust Company as successor by merger with Main Street Bank (the "Bank") dated March 31, 2006 and recorded on the real property records with the Superior Court of Fulton County (the "Real Estate Records") [Pages 574-578 of Deed Book 42348] on April 13, 2006 in the original principal amount of $500,000.00 (the "Transfer") was cancelled of record by virtue of the *Cancellation* (the "Cancellation") dated May 14, 2008 and recorded on the Real Estate Records on June 2, 2008 [Page 353 of Deed Book 46811]; (b) the *Notice of Affidavit Regarding Erroneous Cancellation of a Security Deed* recorded on April 26, 2012 [Pages 681-683 of Deed Book 51138] did not include the caption required by O.C.G.A. §44-2-20(c); (c) the Transfer was therefore avoidable by Trustee under 11 U.S.C. 544(a)(3); (d) the avoided Transfer was preserved for the benefit of the Bankruptcy Estate pursuant to 11 U.S.C. § 551; and (e) Trustee was entitled to recover the avoided Transfer or its value from the Bank pursuant to 11 U.S.C. § 550.

The deadline by which the Bank had to file an answer or other responsive pleading to the Complaint passed with no answer or other responsive pleading being

filed by the Bank. The Bank and Trustee ultimately filed a Joint Motion for Entry of Consent Order and Consent Final Judgment whereby the Bank disclaimed any interest in the Property or entitlement in the Property or the net sale proceeds from the sale of the Property by virtue of the Security Deed. Pursuant to the terms of the Consent Order [Adversary Proceeding No. 7] and Consent Judgment [Adversary Proceeding No. 8], the Trustee was authorized to recover the avoided Transfer or its value under 11 U.S.C. § 550 and preserve the Transfer for the benefit of the Bankruptcy Estate under 11 U.S.C. § 551. The Bank's secured claim was avoided and its proof of claim, filed as Claim No. 2, was allowed as a non-priority, general unsecured claim in the amount of $455,065.53.

To avoid a sale of the Property, Trustee, Ms. Sharma, and the Debtor entered into a sale agreement whereby Ms. Sharma would purchase the Bankruptcy Estate's interest in the Property, subject to all existing liens, interests, and encumbrances for the sum of $175,000.00 (the "Purchase Price Amount"), in which sum Debtor would be entitled to claim no exemption, Ms. Sharma would also receive an assignment of the Judgment avoiding the Security Deed of the Bank. The sale of the Bankruptcy Estate's half interest in the Property to Ms. Sharma was subject to all existing liens, encumbrances and interests, including any and all outstanding amounts due for sanitation, water and city and county *ad valorem* real property taxes.

Trustee filed a Motion for Order Approving and Authorizing the Sale of Property of the Bankruptcy estate Subject to All Existing Liens, Interests and Encumbrances (the "Sale Motion") [Doc. No. 89]. Upon a hearing on the Sale Motion, the Court entered an

Order granting same [Doc. No. 91]. The sale was concluded and the funds remitted to the Trustee.  Claims have been reviewed with objections filed and litigated.

WHEREFORE, Applicant prays:

a)    For an allowance to be made to it as final compensation to Arnall Golden Gregory LLP of $52,106.50 as compensation for professional services rendered and $219.22 as necessary costs and expenses incurred by it in this proceeding;

b)    That Applicant be allowed to receive payment from the Trustee's account for the allowed compensation and expenses; and

c)    That Applicant have such other and further relief as is just and proper.

Respectfully submitted,

ARNALL GOLDEN GREGORY LLP

By: /s/ Neil C. Gordon
        Neil C. Gordon
        State Bar No. 302387

Special Counsel for Chapter 7 Trustee

171 17th Street, N.W., Suite 2100
Atlanta, Georgia 30363-1031
(404) 873-8596
Neil.Gordon@agg.com

13503656v1

**Arnall
Golden
Gregory** LLP

Edwin K. Palmer
Attn: Edwin K. Palmer
P.O. Box 1284
Decatur, GA  30031

April 19, 2019
Invoice #763772
Neil C. Gordon

**For Legal Services Rendered In Connection With:**

Client/Matter #21280-11
Sharma, Rajeshwar D. - Case No. 14-67619-WLH

| DATE | TIMEKEEPER | HOURS | DESCRIPTION |
|---|---|---|---|
| 03/03/16 | S. Ford | 0.80 | Review of file, prepare trustee's application for appointment of attorney along with order and affidavit regarding same, and forward all to trustee |
| 03/04/16 | N. Gordon | 0.20 | Review, revise and execute application, affidavit and proposed order for employment on behalf of estate of counsel |
| 03/05/16 | N. Gordon | 2.30 | Review, research and analyze deed to secure debt and other documents for avoidability (2.1); memo to M. Bargar regarding further analysis (.2) |
| 03/06/16 | M. Bargar | 3.20 | Legal research and gather facts regarding potential recovery from real property interest of estate |
| 03/08/16 | N. Gordon | 2.40 | Continued analysis of the avoidability of the mortgage (1.8); memos to and from M.Bargar re same (.3); correspondence to trustee re foregoing and demand amount (.3) |
| 03/09/16 | M. Bargar | 3.20 | Continued legal research regarding potential avoidance action |

A LATE CHARGE OF 1-1/2% PER MONTH WILL BE APPLIED TO BALANCES OUTSTANDING OVER 60 DAYS

FEI# 58-0543673

**Atlanta, GA | Washington, DC**

ALL BILLING RELATED QUERIES: Phone: 404.873.8500 | Fax: 404.873.8501



**Edwin K. Palmer**

**Client/Matter #21280-11**

April 19, 2019
Invoice #763772
Neil C. Gordon
Page 2

| DATE | TIMEKEEPER | HOURS | DESCRIPTION |
|------|-----------|-------|-------------|
| 03/10/16 | M. Bargar | 6.00 | Continue to legal research regarding avoidance of security interest in real property of estate and complex chain of title issues (2.5); draft correspondence to N. Gordon regarding same (.5); draft correspondence to N. Gordon regarding related legal issues and strategies moving forward regarding monetization of real property interest for the benefit of the estate (.3); continue to legal research regarding requirements to record affidavit in real property records (2.5); draft correspondence to N. Gordon regarding same (.2) |
| 03/10/16 | P. Bicknell | 0.40 | correspondence to title company regarding instructions for completing full title examination of real property |
| 03/10/16 | N. Gordon | 2.30 | Review and consider memos from M.Bargar (.4); further review and analysis of applicable statutes, defenses, and case law (1.9) |
| 03/10/16 | M. Holbein | 0.40 | Memo to M.Bargar re wild-deed scenario |
| 03/15/16 | P. Bicknell | 1.00 | Research GSCCCA for legal description of real property (.20); prepare claim of interest and notice of bankruptcy filing, with letter to clerk, superior court of fulton county regarding instructions for filing and recordation of same (.80) |
| 03/15/16 | P. Bicknell | 0.40 | Prepare, file and serve notice of appearance and request for notices |
| 03/15/16 | N. Gordon | 1.50 | Review title examination report and all documents (1.3); memo to M.Bargar re same (.2) |
| 03/25/16 | M. Bargar | 2.70 | Legal research regarding affidavit filed by BB&T and legal issues related to notice provided by same |
| 03/28/16 | M. Bargar | 3.80 | Continue to legal research regarding avoidance of alleged security interest in real property of estate |
| 04/06/16 | M. Bargar | 2.90 | Continue to legal research regarding avoidance action and wild deed chain of title theory and implications of applicable Georgia law |

**Edwin K. Palmer**

**Client/Matter #21280-11**

April 19, 2019
Invoice #763772
Neil C. Gordon
Page 3

| DATE | TIMEKEEPER | HOURS | DESCRIPTION |
|---|---|---|---|
| 04/28/16 | M. Bargar | 0.40 | Evaluate and analyze file regarding avoidance action related to security interest in real property (.3); draft correspondence to support staff regarding same (.1) |
| 05/08/16 | M. Bargar | 1.40 | Continue legal research and gather facts regarding potential avoidance action related to alleged security interest in real property of debtor |
| 06/10/16 | M. Bargar | 0.80 | Continue to legal research and gather facts regarding potential avoidance action related to alleged security interest in real property (.6); draft memo to N. Gordon regarding same (.2) |
| 09/03/16 | M. Bargar | 3.50 | Legal research and gather facts regarding avoidance of alleged security interest in preparation for filing of complaint |
| 09/06/16 | M. Bargar | 3.60 | Continue to legal research and gather facts regarding avoidance of BB&T security interest (.7); draft complaint regarding same (2.5); draft memo to N. Gordon regarding same (.2); draft correspondence to Trustee regarding same (.2) |
| 09/06/16 | N. Gordon | 1.50 | Review title request and documents (.7); review and revise complaint against mortgagee (.8) |
| 09/07/16 | P. Bicknell | 0.30 | Review draft of adversary complaint (.20); telephone call to Trustee regarding review and approval of complaint (.10) |
| 09/08/16 | M. Bargar | 0.40 | Memo to N. Gordon regarding strategies |
| 09/13/16 | M. Bargar | 0.40 | Legal research regarding deadline to serve complaint and summons following issuance of summons |
| 09/15/16 | P. Bicknell | 0.50 | Prepare and file certificate of service of complaint and summons and service complaint and summons by certified mail and first class mail |

**Edwin K. Palmer**

**Client/Matter #21280-11**

**April 19, 2019**
**Invoice #763772**
**Neil C. Gordon**
**Page 4**

| DATE | TIMEKEEPER | HOURS | DESCRIPTION |
|------|-----------|-------|-------------|
| 10/11/16 | M. Bargar | 3.80 | Telephone call from Peter Morgan, counsel for BB&T, regarding resolution of adversary proceeding initiated by Trustee (.2); gather facts and consider legal issues related to same, including junior security interests and related matters (.9); draft correspondence to N. Gordon regarding same (.2); telephone call with N. Gordon and Trustee regarding same (.6); draft correspondence to N. Gordon regarding counter offer to BB&T (.2); legal research and gather facts regarding same including strategy moving forward and analysis of filed claims that may be junior to interest of BB&T (1.4); draft memo to N. Gordon regarding same (.3) |
| 10/11/16 | N. Gordon | 5.40 | Review and consider settlement offer and correspondence (.5); review file and documents (1.3); telephone conference with trustee (.6); research and outline different resolution scenarios (2.8); memo to M.Bargar for further legal research (.2) |
| 10/12/16 | M. Bargar | 3.30 | Continue to legal research and gather facts regarding implications of proposed settlement with BB&T and impact on other alleged secured claims (nonconsenual) (2.8); prepare for telephone call to Peter Morgan regarding resolution of BB&T adversary (.2); telephone call to Peter Morgan regarding same (.1); telephone call from Peter Morgan regarding same (.1); telephone call to Peter Morgan regarding same (.1) |
| 10/15/16 | M. Bargar | 1.10 | Draft memo to N. Gordon regarding status of litigation and related legal issues and strategies arising out of settlement discussions with BB&T (.3); continue to legal research and gather facts regarding same including strategies moving forward in settlement discussions with BB&T (.8) |
| 10/21/16 | M. Bargar | 0.10 | Telephone call to Peter Morgan, counsel for BB&T, regarding settlement discussions |
| 10/28/16 | M. Bargar | 1.10 | Draft correspondence to Peter Morgan, counsel for BB&T, regarding status of settlement and related legal issues arising from adversary proceeding (.3); legal research and gather facts regarding strategy moving forward in adversary proceeding (.6); draft correspondence to Trustee regarding response from Peter Morgan (.2) |

**Edwin K. Palmer**

**Client/Matter #21280-11**

**April 19, 2019**
**Invoice #763772**
**Neil C. Gordon**
**Page 5**

| DATE | TIMEKEEPER | HOURS | DESCRIPTION |
|---|---|---|---|
| 11/02/16 | M. Bargar | 0.40 | Evaluate and analyze correspondence from Peter Morgan, counsel for BB&T, regarding resolution of adversary proceeding (.2); draft memo to N. Gordon regarding same and legal issues and strategies moving forward (.2) |
| 11/02/16 | N. Gordon | 1.90 | Review and consider correspondence from BB&T counsel (.2); review file, title report and other documents (.8); memo to P.Bicknell and review reply re 363(h) issues (.2); correspondence to trustee (.5); memo to P.Bicknell to draft proposed consent order and consent judgment, terms, etc. (.2) |
| 11/07/16 | M. Bargar | 0.20 | Gather facts and consider legal issues related to resolution of pending adversary proceeding |
| 11/07/16 | N. Gordon | 0.20 | Correspondence from Trustee; memo to M.Bargar |
| 11/10/16 | P. Bicknell | 1.80 | Review of complaint (.20); prepare consent order, consent final judgment and joint motion for entry of same (1.60) |
| 11/11/16 | P. Bicknell | 0.30 | Correspondence to Trustee requesting review and approval of proposed consent order, consent judgment and joint motion for entry of same |
| 11/11/16 | P. Bicknell | 0.40 | Correspondence to counsel on behalf of BB&T regarding review and execution of joint motion and consent order and judgment |
| 11/11/16 | N. Gordon | 1.60 | Review file (.6); review and redraft proposed consent order, consent judgment, and joint motion for entry of same (.8); memo to P.Bicknell re revisions (.2) |
| 11/16/16 | M. Bargar | 0.40 | Evaluate and analyze requested changes by Peter Morgan, counsel for BB&T, to order and judgment and consider legal issues related to same (.3); draft correspondence to support staff regarding same (.1) |
| 11/22/16 | P. Bicknell | 0.80 | Review of correspondence from counsel for BB&T regarding terms of consent order and consent judgment (.10); make revision to joint motion, consent order and consent judgment (.40); correspondence to counsel requesting review and execution of same (.30) |

**Edwin K. Palmer**

**Client/Matter #21280-11**

**April 19, 2019**
**Invoice #763772**
**Neil C. Gordon**
**Page 6**

| DATE | TIMEKEEPER | HOURS | DESCRIPTION |
|------|-----------|-------|-------------|
| 11/30/16 | M. Bargar | 0.20 | Draft memo to N. Gordon regarding response from Peter Morgan, counsel for BB&T, regarding joint motion for consent order and consent judgment |
| 12/05/16 | M. Bargar | 0.90 | Draft memo to support staff regarding entry of order and judgment (.1); draft memo to N. Gordon regarding same and legal issues and strategies moving forward (.3); evaluate and analyze memo from N. Gordon regarding same and consider legal issues and strategies moving forward (.2); legal research and gather facts regarding same (.3) |
| 12/05/16 | N. Gordon | 1.60 | Review consent order and consent judgment and consider implications and issues (.8); draft correspondence to trustee re same and strategy (.8) |
| 03/09/17 | M. Bargar | 1.00 | Meet with Denise Dotson, debtor's attorney, regarding potential sale of estate's interest in security deed avoided and recovered by Trustee (.2); gather facts and legal research regarding same (.4); draft correspondence to N. Gordon regarding same (.3); telephone call from N. Gordon regarding same (.1) |
| 05/04/17 | M. Bargar | 1.10 | Telephone call with Trustee and N. Gordon regarding legal issues and strategies related to monetization of avoided security interest (.7); draft correspondence to Denise Dotson, counsel for Debtor, regarding same (.3); draft correspondence to Denise Dotson regarding same (.1) |
| 05/04/17 | N. Gordon | 1.20 | Review file and develop strategy (.5); telephone conference with Trustee re legal issues remaining and options (.6); memo to Trustee (.1) |
| 05/10/17 | M. Bargar | 0.10 | Draft correspondence to Denise Dotson, counsel for debtor, regarding purchase of estate's interest in real property |
| 05/11/17 | M. Bargar | 0.30 | Draft correspondence to Trustee regarding legal issues related to sale of avoided security interest back to Debtor and related legal matters (.2); draft correspondence to Denise Dotson, debtor's attorney, regarding same (.1) |
| 05/12/17 | M. Bargar | 0.50 | Telephone call to Denise Dotson regarding legal issues related to avoided security interest and related matters (.2); draft correspondence to Trustee regarding same (.3) |

**Edwin K. Palmer**

Client/Matter #21280-11

April 19, 2019
Invoice #763772
Neil C. Gordon
Page 7

| DATE | TIMEKEEPER | HOURS | DESCRIPTION |
|------|-----------|-------|-------------|
| 05/12/17 | N. Gordon | 1.20 | Review memo on settlement offer by debtor's attorney and consider same (.5); review file (.5); correspondence to Trustee (x2) (.2) |
| 05/27/17 | M. Bargar | 0.40 | Gather facts regarding offer to purchase security interest from estate made by debtor (.2); draft memo to N. Gordon regarding same (.2) |
| 05/29/17 | M. Bargar | 0.30 | Draft memo to Neil Gordon regarding offer from debtor to purchase secured interest of estate and related legla issues |
| 06/30/17 | M. Bargar | 0.20 | Draft correspondence to Denise Dotson, debtor's attorney, regarding status of sale of security interest recovered from mortgagee and related legal issues |
| 07/24/17 | M. Bargar | 0.50 | Draft memo to Trustee regarding status of recovery from avoided security interest and legal issues and strategies moving forward (.3); gather facts and consider legal issues and strategies related to same (.2) |
| 01/08/18 | M. Bargar | 0.20 | Meet with Denise Dotson, counsel for debtors, regarding settlement related to recovered real property interest and other related matters (.1); gather facts and consider legal issues and strategie related to same (.1) |
| 01/24/18 | M. Bargar | 0.70 | Gather facts and consider legal issues related to potential sale of security interest recovered by Trustee to debtor (.5); telephone call to Denise Dotson regarding same (.2) |
| 01/29/18 | N. Gordon | 0.80 | Review file status and consider how to monetize judgment (.6); memo to M.Bargar re recommended approach (.2) |
| 02/23/18 | M. Bargar | 0.80 | Gather facts and consider legal issues related to estate's interest in primary residence, including security interest of BB&T, and potential for liquidation of same (.4); draft correspondence to Trustee regarding same including suggested course of action (.3); draft correspondence to Denise Dotson, counsel for debtor, regarding same (.1) |

**Edwin K. Palmer**

Client/Matter #21280-11

April 19, 2019
Invoice #763772
Neil C. Gordon
Page 8

| DATE | TIMEKEEPER | HOURS | DESCRIPTION |
|---|---|---|---|
| 02/27/18 | N. Gordon | 1.20 | Consider counteroffer to make to D.Dotson, review file relative thereto (.6); supplement M.Bargar counter-offer letter (.2); call and draft correspondence to Trustee with analysis and recommendation (.4) |
| 02/27/18 | M. Bargar | 1.60 | Gather facts and consider legal issues related to sale of real property to debtor and his wife (.3); draft correspondence to Denise Dotson, counsel for debtor, regarding same (.3); draft memo to N. Gordon regarding same (.3); evaluate and analyze response memo from N. Gordon regarding same (.3); legal research regarding same (.4) |
| 02/28/18 | N. Gordon | 0.20 | Correspondence and calls with Trustee |
| 03/05/18 | N. Gordon | 0.10 | Review correspondence from Denise Dotson |
| 03/08/18 | M. Bargar | 0.30 | Meet with Denise Dotson regarding counter offer (.1); legal research and consider legal issues related to same and suggested course of action to Trustee (.2) |
| 04/11/18 | N. Gordon | 0.60 | Review and consider memo from M.Bargar on new offer by debtor (2); review file (.2) and draft reply (2.) |
| 05/07/18 | M. Bargar | 0.40 | Telephone call to Trustee regarding legal issues moving forward with interest in real property (.1); telephone call to Trustee regarding same (.3) |
| 06/26/18 | M. Bargar | 0.40 | Meet with Denise Dotson, counsel for debtor, regarding offer to buy estate's interest in property for $175,000.00 (.1); gather facts and consider legal issues related to same (.3) |
| 06/27/18 | M. Bargar | 1.30 | Evaluate and analyze legal issues and strategies related to monetization of security interest recovered from bank and consider steps and strategies moving forward in relationship to debtor's offer to buy (1.1); draft memo to B. Matthews regarding same (.1); evaluate and analyze response memo from B. Matthews (.1) |
| 09/20/18 | N. Gordon | 0.20 | Review and comment on settlement offer |

**Edwin K. Palmer**

**Client/Matter #21280-11**

**April 19, 2019**
**Invoice #763772**
**Neil C. Gordon**
**Page 9**

| DATE | TIMEKEEPER | HOURS | DESCRIPTION |
|---|---|---|---|
| 09/23/18 | M. Bargar | 0.40 | Draft correspondence to Trustee regarding status of case and legal issues related to sale or monetization of estate's interest in real property (.3); draft correspondence to Denise Dotson, counsel for Debtor, regarding same (.1) |
| 09/24/18 | M. Bargar | 0.50 | Draft memo to N. Gordon regarding monetization of estate interest in real property and related legal issues (.2); evaluate and analyze response memo regarding same (.1); telephone call to Trustee regarding same (.2) |
| 09/25/18 | N. Gordon | 1.10 | Review sale/settlement offer and consider how to structure given avoided mortgage (.6); memo to P.Bicknell to draft motion to settle and sell subject to, terms, etc. (.5) |
| 09/27/18 | P. Bicknell | 2.40 | Review complaint, consent order and judgment, and terms of settlement and docket for amendments and case status (.50); prepare joint stipulation and settlement agreement for trustee's sale of the estate's interest in property (1.90) |
| 09/27/18 | N. Gordon | 1.80 | Review file and terms of settlement (.6); review and redraft proposed settlement/buyout agreement (1.2) |
| 09/28/18 | P. Bicknell | 1.80 | Prepare motion to sell property of the estate subject to all existing liens, interests and encumbrances an notice of hearing on same |
| 09/28/18 | N. Gordon | 0.90 | Continued work on settlement agreement (.6); correspondence to trustee (.2); memo to M.Bargar (.1) |
| 10/10/18 | M. Bargar | 0.60 | Edit settlement agreement regarding transfer of property interest to Debtor's wife (.5); draft memo to N. Gordon regarding same (.1) |
| 10/10/18 | N. Gordon | 0.20 | Review correspondence from Trustee re settlement; memo to P.Bicknell re same |
| 10/18/18 | P. Bicknell | 0.30 | Follow up with debtor's attorney regarding review and execution of settlement agreement |
| 10/19/18 | P. Bicknell | 1.80 | Prepare motion to approve settlement with Trustee and Uma Sharma and notice of hearing on same |

**Edwin K. Palmer**

**Client/Matter #21280-11**

April 19, 2019
Invoice #763772
Neil C. Gordon
Page 10

| DATE | TIMEKEEPER | HOURS | DESCRIPTION |
|---|---|---|---|
| 10/29/18 | P. Bicknell | 0.30 | Follow up with debtor's attorney regarding review and execution of settlement agreement |
| 11/09/18 | P. Bicknell | 0.20 | Follow up correspondence to debtor's attorney regarding terms of settlement and execution of agreement |
| 11/20/18 | N. Gordon | 0.40 | Review and consider memo from P.Bicknell re debtor failures to respond (.2); correspondence to trustee re same (.2) |
| 11/21/18 | N. Gordon | 0.70 | Correspondence from trustee (1); correspondence to D.Dotson (.2); review and reply to her response (.2); correspondence to trustee (.2) |
| 11/27/18 | M. Bargar | 0.80 | Telephone call from Denise Dotson regarding edits to settlement agreement (.2); draft correspondence to Denise Dotson regarding same (.1); evaluate and analyze proposed changes and consider legal issues related to same (.4); draft memo to support staff regarding same (.1) |
| 11/27/18 | N. Gordon | 0.90 | Review and consider correspondence and revisions to settlement agreement from D.Dotson (.6); correspondence to Trustee re same (.1); correspondence to D.Dotson and have P.Bicknell follow-up (.2) |
| 11/29/18 | P. Bicknell | 1.10 | Review and make revisions to motion to sale property subject to all existing liens and prepare notice of hearing |
| 11/29/18 | N. Gordon | 1.10 | Correspondence from D.Dotson (.1); complete execution of settlement (.1); review and revise Section 363 sale notice and related hearing notice (.6); correspondence to trustee (.2); review reply (.1) |
| 11/29/18 | M. Bargar | 0.30 | Evaluate and analyze signed agreement sent by Dotson to ensure it is the same agreement to which the parties agreed (.2); draft memo to support staff regarding same (.1) |
| 11/30/18 | N. Gordon | 0.30 | Review settlement check and correspondence from debtor's attorney (.2); correspondence to Trustee (.1) |

**Edwin K. Palmer**

**Client/Matter #21280-11**

April 19, 2019
Invoice #763772
Neil C. Gordon
Page 11

| DATE | TIMEKEEPER | HOURS | DESCRIPTION |
|------|-----------|-------|-------------|
| 11/30/18 | M. Bargar | 0.20 | Draft memo to N. Gordon regarding reciept of $175,000.00 check and sale of property interest and related legal issues (.1); evaluate and analyze memo from N. Gordon regarding same (.1) |
| 01/16/19 | P. Bicknell | 0.80 | Review of sale motion and sale agreement (.20); obtain and review court docket regarding objections/responses filed (.10); prepare proposed order (.50) |
| 01/16/19 | N. Gordon | 0.60 | Review file in preparation for hearing (.4); review and complete proposed order (.2) |
| 01/17/19 | N. Gordon | 1.60 | To U.S. Bankruptcy Court and attend hearing on motion to sell (1.2); memo to P.Bicknell re results and to upload upon trustee approval (.1); correspondence to Trustee (.2); review reply - memo to P.Bicknell to upload order (.1) |
| 01/22/19 | N. Gordon | 0.10 | Review entered order on sale motion; memo to P.Bicknell |
| 01/24/19 | P. Bicknell | 0.50 | Review terms of sale agreement (.20); memo to N. Gordon and M. Bargar regarding terms of sale (.20); correspondence to Trustee regarding confirmation of receipt of sale proceeds (.10) |
| 01/24/19 | M. Bargar | 0.30 | Draft and evaluate and analyze responsive memos (x3) to and from N. Gordon and support staff regarding closing of sale of property and assignment of judgment |
| 01/25/19 | P. Bicknell | 0.80 | Review terms of agreement to purchase and sale propety (.20); prepare Trustee's Deed (.60) |
| 01/25/19 | M. Bargar | 1.00 | Draft memos (x2) to support staff regarding assignment of judgment against BB&T (.2); draft bill of sale (.5); draft memo to support staff regarding same (.1); draft memos (x2) to support staff regarding same (.2) |
| 01/25/19 | P. Bicknell | 0.20 | Correspondence to D. McAlister regarding review of Bill of Sale (Assignment of Judgment) |
| 01/25/19 | D. McAlister | 0.30 | Review and revision of Bill of Sale (.2); correspondence to Pam Bicknell regarding revised Bill of Sale (.1) |

**Edwin K. Palmer**

**Client/Matter #21280-11**

April 19, 2019
Invoice #763772
Neil C. Gordon
Page 12

| DATE | TIMEKEEPER | HOURS | DESCRIPTION |
|------|-----------|-------|-------------|
| 01/28/19 | P. Bicknell | 0.20 | Correspondence to Trustee regarding review and execution of Trustee's Deed and Bill of Sale (Assignment of Judgment) |
| 01/28/19 | M. Bargar | 0.20 | Draft memos (x2) to support staff regarding execution and delivery of deed and bill of sale and related legal issues |
| 02/05/19 | P. Bicknell | 0.40 | Correspondence to debtor's attorney regarding fully executed Trustee's Deed and Seller's Affidavt for recording |
| 02/05/19 | N. Gordon | 0.20 | Memo to P.Bicknell re closing documents |
| 02/23/19 | M. Bargar | 0.30 | Draft memo to N. Gordon regarding closing of case and related legal issues (.1); draft correspondence to Trustee regarding same (.2) |
| 02/25/19 | N. Gordon | 0.10 | Review court order approving employment of accountant; memo to client re same |
| 03/05/19 | S. Ford | 2.40 | Review of file and prepare attorney's fee application |
| 03/06/19 | N. Gordon | 4.40 | Review file (1.2); review, revise, supplement and complete final fee application (1.3); estimated time to prepare for and attend final hearing (1.5), and prepare order (.4) |

|  |  |
|--|--|
| **Total Hours** | **119.90** |
| **Total For Services** | **$48,697.00** |

**EXPENSES**

| | |
|--|--|
| VENDOR: Fulton County Superior Court; INVOICE#: FILING-FEE-3/15/16; DATE: 3/15/2016 -  Fee for filing and recordation of trustee's claim of interest and notice of bankruptcy filing. | 18.00 |
| VENDOR: AQuickDelivery INVOICE#: 298606 DATE: 1/1/2019 Curtis Clark to Edwin Palmer | 13.20 |
| Parking for hearing 1/17/2019 | 14.00 |
| Parking for final hearing 3/6/2019 | 14.00 |

**Edwin K. Palmer**

April 19, 2019
Invoice #763772
Neil C. Gordon

**Client/Matter #21280-11**

Page 13

---

| | |
|---|---|
| VENDOR: Traditional Title Services, Inc.; INVOICE#: 2017522; DATE: 3/11/2016 - Fee for full title examination of real property known generally as 12250 Meadow Lane, Alpharetta, GA 30005. | 151.50 |
| Postage | 8.52 |
| **Total Expenses** | **$219.22** |

| | Fees | Disbursements | Total |
|---|---|---|---|
| CURRENT CHARGES: | 48,697.00 | 219.22 | 48,916.22 |
| Total Balance Due: | 48,697.00 | 219.22 | 48,916.22 |
| **Total This Statement** | | | **$48,916.22** |

### Attorney and Paralegal Summary

| Name | Year | Rate | Hours | Total Amount |
|---|---|---|---|---|
| Bargar, Michael J. | 2016 | 365.00 | 43.80 | 15,987.00 |
| Bargar, Michael J. | 2017 | 395.00 | 4.40 | 1,738.00 |
| Bargar, Michael J. | 2018 | 395.00 | 0.90 | 355.50 |
| Bargar, Michael J. | 2018 | 430.00 | 7.60 | 3,268.00 |
| Bargar, Michael J. | 2019 | 495.00 | 1.80 | 891.00 |
| Bicknell, Pamela E. | 2016 | 175.00 | 5.90 | 1,032.50 |
| Bicknell, Pamela E. | 2018 | 195.00 | 7.90 | 1,540.50 |
| Bicknell, Pamela E. | 2019 | 195.00 | 2.90 | 565.50 |
| Ford, Angela G. | 2016 | 175.00 | 0.80 | 140.00 |
| Ford, Angela G. | 2019 | 195.00 | 2.40 | 468.00 |
| Gordon, Neil C. | 2016 | 495.00 | 8.70 | 4,306.50 |
| Gordon, Neil C. | 2016 | 560.00 | 12.20 | 6,832.00 |
| Gordon, Neil C. | 2017 | 560.00 | 2.40 | 1,344.00 |
| Gordon, Neil C. | 2018 | 560.00 | 10.50 | 5,880.00 |
| Gordon, Neil C. | 2019 | 570.00 | 7.00 | 3,990.00 |
| Holbein, Michael F. | 2016 | 450.00 | 0.40 | 180.00 |

**Edwin K. Palmer**

April 19, 2019
Invoice #763772
Neil C. Gordon
Page 14

**Client/Matter #21280-11**

| | | | | |
|---|---|---|---|---|
| McAlister, David B. | 2019 | 595.00 | 0.30 | 178.50 |
| | | **Total** | **119.90** | **$48,697.00** |

**Arnall
Golden
Gregory LLP**

Edwin Palmer
Attn: Edwin K. Palmer
P.O. Box 1284
Decatur, GA 30031

November 5, 2020
Invoice #812615
Neil C. Gordon

**For Legal Services Rendered In Connection With:**

Client/Matter #21280-11
Sharma, Rajeshwar D. -  Case No. 14-67619-WLH

| DATE | TIMEKEEPER | HOURS | DESCRIPTION |
|------|-----------|-------|-------------|
| 09/08/20 | M. Bargar | 0.20 | Telephone call to Trustee regarding necessary claims objections |
| 09/09/20 | M. Bargar | 2.20 | Gather facts and consider legal issues related to objection to claim of BB&T and State of Georgia Lottery Corporation (1.3); draft correspondence to Whitney Groff, counsel for Lottery Corporation regarding objection and resolution of same (.5); telephone call to Whitney Groff regarding same (.1); telephone call to Patrick Leed, counsel for State of Georgia, regarding same (.1); draft correspondence to Whitney Groff regarding same (.1); draft correspondence to Trustee regarding same (.1) |
| 09/11/20 | A. Ford | 0.60 | Review of file and revise attorney fee application for additional case work |
| 09/18/20 | P. Bicknell | 0.40 | Review of file and correspondence from Trustee and closing attorney regarding status of execution and recording of Trustee's Deed (.30); Memo to M. Bargar (.10) |
| 09/18/20 | M. Bargar | 1.40 | Gather facts regarding closing of sale approved by Court and inquiry from closing attorney regarding same (.7); draft correspondence to support staff regarding same (.2); telephone call to Krisine Cavin, closing attorney regarding same (.3); draft correspondence to Kristine Cavin regarding same (.2) |
| 09/21/20 | M. Bargar | 0.20 | Draft correspondence to Kristine Cavin, closing attorney, regarding executed copies of documents transferring property to debtor's daughter |


EXHIBIT
"A2"

**Edwin K. Palmer**

**Client/Matter #21280-11**

November 5, 2020
Invoice #812615
Neil C. Gordon
Page 2

| DATE | TIMEKEEPER | HOURS | DESCRIPTION |
|------|-----------|-------|-------------|
| 09/21/20 | M. Bargar | 0.40 | Draft follow up correspondence to Kristine Cavin, closing attorney, regarding documents executed by Trustee as part of closing of sale (.2); draft correspondence to Whitney Groff, counsel for Georgia Lottery Corporation, regarding amendment to its claim in lieu of objection (.2) |
| 09/22/20 | M. Bargar | 0.40 | Telephone call to Whitney Groff, counsel for Georgia Lottery Corporation, regarding legal issues related to filed claim, objection to same, and resolution of same prior to filing of objection (.2); draft correspondence to Whitney Groff regarding same (.2) |
| 09/25/20 | P. Bicknell | 0.60 | review and revise Trustee's Deed and Bill of Sale, convert to pdfs and add attachments (.50); correspondence to Trustee regarding review and execution of same (.10) |
| 09/25/20 | M. Bargar | 0.90 | Evaluate and analyze correspondence from Denise Dotson asking Trustee to sign new trustee deed and bill of sale and consider legal issues related to same (.3); draft correspondence to Trustee regarding same (.2); draft memo to support staff regarding same (.1); evaluate and analyze amended proof of claim filed by Georgia Lottery Corporation to confirm it complies with prior discussion with its attorney (.2); draft correspondence to Trustee regarding same (.1) |

| | |
|---|---|
| **Total Hours** | **7.30** |
| **Total For Services** | **$3,409.50** |

| | Fees | Disbursements | Total |
|---|------|--------------|-------|
| Prior Balance: | 48,697.00 | 219.22 | 48,916.22 |
| CURRENT CHARGES: | 3,409.50 | 0.00 | 3,409.50 |
| Total Balance Due: | 52,106.50 | 219.22 | 52,325.72 |

**Total This Statement**  **$52,325.72**

Edwin K. Palmer

Client/Matter #21280-11

November 5, 2020
Invoice #812615
Neil C. Gordon
Page 3

### Attorney and Paralegal Summary

| Name | Year | Rate | Hours | Total Amount |
|------|------|------|-------|--------------|
| Bargar, Michael J. | 2020 | 535.00 | 5.70 | 3,049.50 |
| Bicknell, Pamela E. | 2020 | 225.00 | 1.00 | 225.00 |
| Ford, Angela G. | 2020 | 225.00 | 0.60 | 135.00 |
| | | **Total** | **7.30** | **$3,409.50** |

**ARNALL GOLDEN GREGORY LLP**
171 17th Street, N.W., Suite 2100
Atlanta, Georgia  30363-1031
(404) 873-8500

### PARTNERS

**NEIL C. GORDON** — Admitted to Georgia Bar in 1979.  Education: University of Florida
(B.S.B.A. cum laude, 1976); University of Georgia (J.D. 1979).   Law Clerk to Hon.
Robert L. Vining, Jr., Judge, U.S. District Court, Northern District of Georgia, 1979-81;
Publications: Co-Author, "*Law v. Siegel* Dicta Leads Lower Courts Astray," American
Bankruptcy Institute Journal, Vol. XXXIV, No. 2 (February 2015); Co-Author, "When Can
the Statute of Limitations for Avoidance Actions Be Extended?" American Bankruptcy
Institute Journal, Vol. XXXII, No. 5 (June 2013); Co-Author, "*Schwab v. Reilly* Two
Years Later: Appellate Opinions on Appreciation and 100 Percent of FMV," American
Bankruptcy Institute Journal, Vol. XXXI, No. 9 (October 2012); Author, "Section 362(h)
Does Not Deprive a Trustee of Standing to Void a Lien," American Bankruptcy Institute
Journal, Vol. XXIX, No. 10 (December 2010/January 2011); Author, "An Overview of
Mortgage and Finance Fraud for Trustees," in *Mortgage and Finance Fraud Litigation
Strategies* (Thomson Reuters/Aspatore Books 2010); Author, "The Art of the Carve-
Out," NABTalk, Vol. 25, No. 1 (Spring 2009); Co-Author, "New Tax Laws Affecting
Home Sales Give Chapter 7 Trustees Long Overdue Relief" , Bankruptcy Court
Decisions, Vol. 32, No. 20 (July 28, 1998); Co-Author, "Maximizing Returns for Estate
Creditors by Minimizing Taxes: Exclusion of Gain from the Sale of the Debtor's Principal
Residence", NABTalk, Vol. 16, No. 3 (Fall, 2000); Co-Author, "Recent Cases," Journal
of the American Bankruptcy Trustee, Quarterly Publication of National Association of
Bankruptcy Trustees (NABT 2003-present). Member: Atlanta Bar Association,
Bankruptcy Law Section (Chair 1992-1993, Board Member 1988-1994); State Bar of
Georgia; American Bankruptcy Institute (Legislation Committee Co-Chair 2013-2015);
National Association of Bankruptcy Trustees (Board Director 2000-2014; Executive
Committee 2006-2014; Secretary 2006-2007; Treasurer 2007-2008; Vice-President

### EXHIBIT "B"

2008-2011; President 2011-2012; Immediate Past President 2012-2013; Past President Director 2013-2014); Panel, United States Trustees; Fellow, American College of Bankruptcy; Master of the Bench, W. Homer Drake Georgia Bankruptcy American Inn of Court; Full Member, National Association of Federal Equity Receivers.

Seminar Presentations: "Case Law Update," NABT Virtual Annual Conference (August 27, 2020); "Hot Trustee Topics in Consumer Cases," NCBJ Annual Conference, Washington, D.C. (November 1, 2019); "Suing Universities to Recover Tuition Paid for Adult Children," 22nd Annual Bankruptcy Seminar, Macon, Georgia (September 20, 2019); "Unscheduled Product Liability (and Other) Claims in Reopened Cases," 22nd Annual Bankruptcy Seminar, Macon, Georgia (September 20, 2019);  "Case Law Update," NABT Annual Conference, Denver, Colorado (August 23, 2019); "Annual Panel Trustee Seminar: A Training Day in LA," Region 16 Chapter 7 Panel Trustee Training, Los Angeles, California (June 27, 2019); "Current Development/Recent Case Law Panel," Region 21 Chapter 7 Panel Trustee Training, Orlando, Florida (June 6-7, 2019); "Key Takeaways from the American Bankruptcy Institute's Commission on Consumer Bankruptcy Report," The Bench and Bar Committee, Atlanta, Georgia (May 6, 2019); "Tuition Clawback by Bankruptcy Trustees: The Focus Points for this Growing Litigation," Emory Bankruptcy Developments Journal Symposium, Atlanta, Georgia (February 21, 2019); "Case Law Update," Law Education Institute, Snowmass, Colorado (January 2-6, 2019); "Oh, Let Me Count the Days: Calculating Deadlines and Reach-back Periods in Avoidance and Other Actions," Cobb County Bar Association, Marietta, Georgia (November 30, 2018); "Avoiding and Recovery Payments Made for Adult Children," Cobb County Bar Association, Marietta, Georgia (November 30, 2018); "Suing Universities (and Others) to Recover the Tuition Payments Made for Adult Children," The W. Homer Drake, Jr. Georgia Bankruptcy Inn of Court, Atlanta, Georgia (October 25, 2018); "Treatment of Product Liability and Similar Claims in Bankruptcy in a Reopened Case: (a) Are the Claims Property of the Estate, (b) If So, What Exemption Can Be Claimed, and (c) the Role of Judicial Estoppel," The W. Homer Drake, Jr. Georgia Bankruptcy Inn of Court, Atlanta, Georgia (October 25, 2018); "Recent

Developments/Case Law Updates," Chapter 7 Panel Trustee Training – Northern District of Georgia, Atlanta, Georgia (September 14, 2018); "Case Law Update," NABT Convention, Amelia Island, Florida (August 16, 2018); "Trustee Litigation – A Powerful Tool," Region 21 Trustee Training Webinar (March 28, 2018); "The Powerball Jackpot (Case Law Update)," NABT Spring Seminar, Las Vegas, Nevada (February 23, 2018); "Exemptions," "Consumer Case Law Update," and "Business Case Law Update," National CLE Conference in conjunction with the Colorado Bar Association and the Law Education Institute, Vail, Colorado (January 3-7, 2018); "Oh, Let Me Count the Days: Calculating Deadlines and Reachback Periods in Avoidance and Other Actions, Consumer and Business Bankruptcy Institute, Reynolds Plantation, Georgia (December 14, 2017);"Bankruptcy Avoidance Actions," National Association of Attorney Generals, Savannah, Georgia (November 15, 2017); "Case Law Update," NABT Convention, New Orleans, Louisiana (September 15. 2017); "Shark Tank: The Case for Increasing Chapter 7 Trustee Compensation," American Bankruptcy Institute 22nd Annual Southeast Bankruptcy Workshop, Hilton Head Island, South Carolina (July 30, 2017); "Case Law Update," NABT Spring Seminar, Rio Grande, Puerto Rico (March 3, 2017); "Case Law Update," Law Education Institute (LEI) Conference, Snowmass, Colorado (January 4-8, 2017); "Exemptions," American Bankruptcy Institute Winter Leadership Conference, Rancho Palos Verdes, California (December 1-3, 2016); "Obligations of Trustees in Fulfilling Their Fiduciary Duties," American Inns of Court (November 17, 2016); "Simply the Best: Case Law Update," NABT Annual Convention, San Diego, California (September 9, 2016); "Exemption Issues in Chapter 13," NACTT 51st Annual Conference, Philadelphia, Pennsylvania (July 23, 2016); "Dismissal and Conversion Issues," NACTT 51st Annual Conference, Philadelphia, Pennsylvania (July 22, 2016); "Recent Cases: Case Law Update," NABT Spring Seminar, Atlanta, Georgia (April 8, 2016); "Avoidance and Recovery Actions Across the Chapters: Roles & Perspectives of Trustees," American Inns of Court Winter Program, Atlanta, Georgia (January 26, 2016); "Exemption Law – Immunity to Treat Creditors with Impunity or the Privilege of Fresh Start" and "Case Law Update: Commercial/Business," Law Education Institute (LEI) Conference, Vail, Colorado (January 6-10, 2016); "So You Thought You

Understood Exemptions!" Cobb County Bar Association, Marietta, Georgia (October 10, 2015); "Does *Law v. Siegal* Really Stand for That?," National Conference of Bankruptcy Judges 89th Annual Meeting, Miami, Florida (September 27-30, 2015); "Exemptions" and "Case Law Update," NABT Annual Convention, Chicago, Illinois (August 27-29, 2015); "Case Law Update," United States Trustee Region 21-Northern District of Georgia Trustee Training (includes Florida, Georgia, Puerto Rico, and U.S. Virgin Islands Trustees), Atlanta, Georgia (August 21, 2015); "Case Law Update," NABT Spring Seminar, Charleston, South Carolina (February 27, 2015); "How to Approach Banks about Short Sales and Carve-Outs," American Bankruptcy Institute Conference, Tulane University, New Orleans, Louisiana (January 19, 2015); "Case Law Update," Law Education Institute (LEI) Conference, Vail, Colorado (January 7-11, 2015); "Zip Lining through the Tough issues in Avoiding a Preference or Set-Off," Institute of Continuing Legal Education in Georgia, Greensboro, Georgia (October 23, 2014); "Current Consumer Trends & Practices," American College of Bankruptcy, National Conference of Bankruptcy Judges 88th Annual Meeting, Chicago, Illinois (October 8, 2014); "The Nuts & Bolts of Chapter 11," American Bankruptcy Institute Workshop, Salt Lake City, Utah (September 12, 2014);  "Case Law Update," NABT Annual Convention, Salt Lake City, Utah (September 12, 2014); "Case Law Update," United States Trustee Region 3 Trustee Training (includes Delaware, New Jersey, and Pennsylvania Trustees), Harrisburg, Pennsylvania (June 6, 2014);  "Case Law Update," United States Trustee Region 21-Northern District of Georgia Trustee Training (includes Florida, Georgia, Puerto Rico, and U.S. Virgin Islands Trustees), Atlanta, Georgia (May 9, 2014); "The Nuts & Bolts of Chapter 11," American Bankruptcy Institute Southeast Seminar, Coral Gables, Florida (April 5, 2014); "Case Law Update," NABT Spring Seminar, Coral Gables, Florida (April 5, 2014); "Chapter 7 and 11 Case Law Update," Law Education Institute (LEI) Conference, Vail, Colorado (January 5-9, 2014); "Real Estate Short Sales and Carve-Outs," American Bankruptcy Institute 25th Annual Winter Leadership Conference,  Rancho Palos Verdes, California (December 6, 2013); "Chapter 7 & Hot Topics," National Conference of Bankruptcy Judges  2013 Annual Conference, Atlanta, Georgia (November 1, 2013);  "Case Law Update" NABT 2013

Annual Meeting, White Sulphur Springs, West Virginia (August 8, 2013); "Plenary Session: Consumer Update 2013," American Bankruptcy Institute Southeast Seminar, Amelia Island, Florida (July 18-21, 2013); "Mortgage Avoidance Issues in Bankruptcy (A Trustee's Perspective)," 35th Annual Real Property law Institute, Amelia Island, Florida (May 9, 2013); "The Good, the Bad, and the Ugly – Case Law Update," NABT 2013 Spring Seminar, Scottsdale, Arizona (February 22-23, 2013); "Case Law Developments," "What Is the Trustee Up to Now?" "Mortgage Issues: Pervasive Issues and Abuses," and Fraudulent Conveyances," Law Education Institute (LEI) Conference, Snowmass, Colorado (January 2-5, 2013); "Case Law Update I," NABT 2012 Annual Meeting, Colorado Springs, Colorado (September 8, 2012); Case Law Update II," NABT 2012 Annual Meeting, Colorado Springs, Colorado (September 6, 2012) "Bankruptcy Issues for Auctioneers," National Auctioneers Association's 63rd International Auctioneers Conference, Spokane, Washington (July 18, 2012); "The Presidents' Panel: Current Issues in Consumer Bankruptcy," NACTT 47th Annual Seminar, New Orleans, Louisiana (July 13, 2012); "Waiter! Check Please! Paying the Tab in Consumer Bankruptcy: The Real Costs of Accessing the System," NACTT 47th Annual Seminar, New Orleans, Louisiana (July 12, 2012); "An Empirical Study of the Costs of BAPCPA," NABT 2012 Spring Seminar, Las Vegas, Nevada (March 31, 2012); "Sold! Short Sales/724(b) Sales: The New Normal," NABT 2012 Spring Seminar, Las Vegas, Nevada (March 30, 2012); "Ethics and Professionalism Potpourri," 36[th] Annual Judge Alexander L. Paskay Seminar on Bankruptcy Law and Practice, Tampa, Florida (March 17, 2012); "Latest Developments – Case Law Update," "Ethic Standards Re-Examined," and "Who Gets the Money? Claims Objections Issues," Law Education Institute's 29[th] Annual national CLE Conference, Snowmass, Colorado (January 4 – 8, 2012); "Hot Topics in Chapter 7," ABI/NCBJ Roundtable, National Conference of Bankruptcy Judges, Tampa, Florida (October 12-15, 2011); "Case Conversion Issues," NABT 2011 Annual Meeting, Amelia Island, Florida (September 21-24, 2011); "Today's Chapter 7," Panel, Annual Southeast Bankruptcy Workshop, Kiawah Island, South Carolina (July 27-30, 2011); "Select Claim Objection Issues," NABT Spring Seminar, Santa Monica, California (March 26, 2011); "Looking Ahead: What's in Store for Consumer

Practitioners in 2011," 35th Annual Judge Alexander L. Paskay Seminar on Bankruptcy Law and Practice, Tampa, Florida (March 10-12, 2011); "Chapters 7 and 11 Case Law Update," State Bar of Georgia Bankruptcy Law Section, Greensboro, Georgia (October 28, 2010); "Recovering Unauthorized Post-Petition Transfers," NABT Convention, San Francisco, California (October 1, 2010); "Chapter 7 Law Update," Middle District of Georgia Bankruptcy Institute, Macon, Georgia (September 17, 2010); " Individual Business Bankruptcy Cases," Metro Atlanta Consumer Bankruptcy Attorneys  Group, Atlanta, Georgia (May 21, 2010), "Professionalism Issues," Atlanta Bar Association, Bankruptcy Law Section Seminar, Atlanta, Georgia (May 6, 2010); "Recurring Issues among Consumer Lawyers and Trustees and How to Avoid Them," American Bankruptcy Institute, Washington, D.C. (May 1, 2010); "The  Nouveau Pauvre, or Who Used to Be a Millionaire (Finding Assets in Those Mid and Large Size Cases in Which the Debtors Used to Be "High-End" Debtors)," NABT Spring Seminar, Savannah, Georgia (April 9, 2010); "Trends and Threads in Business Cases: Case Law Update from the Front," National CLE Conference, Vail, Colorado (January 6, 2010); "Prebankruptcy Asset Protection and Planning: How Far Can the Line Be Pushed before the Trustee Reacts," National CLE Conference, Vail, Colorado (January 7, 2010), and "Making Sense of the Tide in Consumer Case/Issue Development: Caselaw Review of Recent Consumer Bankruptcy Decisions," National CLE Conference, Vail, Colorado (January 8, 2010); "Hot Topics in Chapter 7," ICLE Bankruptcy Seminar, Braselton, Georgia (November 12, 2009); "The Art of the Carve-Out," NABT Annual Convention, Boston, Massachusetts (August 29, 2009); "Hot Consumer Topics in Chapter 7," American Bankruptcy Institute 14th Annual Southeast Bankruptcy Workshop, Hilton Head, South Carolina (July 30, 2009 – August 1, 2009); "Negotiation/Out-of-Courtroom Skills and Techniques," American Bankruptcy Institute's Skills Training Program, Atlanta, Georgia (June 4, 2009); "Select Trustee Issues," 11th Circuit Fellows Luncheon, American College of Bankruptcy, Washington, D.C. (March 27, 2009); "Case Law Update: The Good, The Bad, and The Ugly," National CLE Conference (LEI), Vail, Colorado, January 4-5, 2009; "Case Law Update," United States Trustee Region 21 Seminar (includes Florida, Georgia, Puerto Rico, and U.S. Virgin

13503656v1

Islands Trustees), Atlanta, Georgia (October 21, 2008); "The Art of the Carve-Out," NABT Spring Seminar, Santa Fe, New Mexico (April 26, 2008); "Bankruptcy Claim Quandaries, Administrative Claims, Claims Evidentiary Issues, Superpriority Claims Upon Conversion to Chapter 7, Rejection Claims, and Estimation Claims," National CLE Conference (LEI), Vail, Colorado, January 4-6, 2008; "Select Exemption Issues," National Conference Bankruptcy Judges, Orlando, Florida (October 10, 2007); "Case Law Update," United States Trustee Region 21 Seminar (includes Florida, Georgia, Puerto Rico, and U.S. Virgin Islands Trustees) Atlanta, Georgia (September 27, 2007), "Administering Exempted Assets," NABT Spring Seminar, Atlanta, Georgia (March 16, 2007); "Pro Se Debtor Cases and Issues," American Bankruptcy Institute's 11th Annual Southeast Bankruptcy Workshop (July 26-29, 2006); "Case Law Update," United States Trustee Region 21 Seminar (includes Florida, Georgia, Puerto Rico, and U.S. Virgin Islands Trustees), Miami, Florida, Georgia (June 22-23, 2006); "Bankruptcy Reform Act - Hot Issues," NABT Spring Seminar, Phoenix, Arizona (March 4, 2006); "Tax Issues in the Era of the New Bankruptcy Reform Act," Georgia Society of CPAs, Atlanta, Georgia (June 21, 2005); "The Bankruptcy Abuse Prevention and Consumer Protection Act of 2005: How will it affect your business?" AGG Seminar, Atlanta, Georgia (June 3, 2005); "Bankruptcy Issues for the Commercial Realtor," Atlanta Board of Realtors, Atlanta, Georgia (June 2, 2005); "Proving Deepening Insolvency," Emory Bankruptcy Developments Journal Symposium, Atlanta, Georgia (March 24, 2005); "Case Conversion Issues," United States Trustee Region 21 Seminar (includes Florida and Georgia Trustees), Savannah, Georgia (January 20-21, 2005); "New Developments: A Trustee's Perspective," NABT Convention, San Diego, California (September 11, 2004); "Holding onto Assets," NABT Spring Seminar, Las Vegas, Nevada (March 12-13, 2004); "Case Law Update," United States Trustee Region 21 Seminar, Atlanta, Georgia (January 8, 2004); "Recovering Assets through Litigation in Bankruptcy," National Bankruptcy Training Institute, Columbia, South Carolina (November 18, 2003); Faculty Member, National Bankruptcy Training Institute, Columbia, South Carolina (2003); "Claims Review, Objections, and Resolutions," NABT Annual Convention, Washington, D.C. (September 9, 2003); "Perfection of Collateral" and "Guaranty Agreements,"

SouthTrust Bank Live Video Broadcast Seminar, Atlanta, Georgia (August 22, 2003); "Establishing Corporate Insider Liability: From Deepening Insolvency to Avoidance Issues," NABT Spring Seminar, Coral Gables, Florida (March 29, 2003); Training Seminar for New Trustees, Office of the United States Trustee (September 12, 2002); "Case Law Update," United States Trustee Region 21 Seminar (Florida and Georgia Trustees) (May 3, 2002); "Bankruptcy and Foreclosures," Georgia ICLE (April 17, 2002); "Loan Documentation Issues," (August 22, 2003); "How to Protect the Interest of Secured Creditors in Georgia," National Business Institute (NBI); "How New Bankruptcy Legislation Will Impact Your Practice," Consumer Bankruptcy Attorneys Association; "Advanced Real Estate Seminar: Bankruptcy Issues," NBI; "Ethics in Bankruptcy," State Bar of Georgia, Bankruptcy Law Section; "Chapter 11 Single Asset Real Estate Cases," Atlanta Bar Association, Bankruptcy Law Section; "Bankruptcy: An Overview," Georgia Department of Banking and Finance; "Bankruptcy: An Overview," Mortgage Bankers Association of Georgia; "Liens and Credit Issues in Bankruptcy," NBI.

**SEAN C. KULKA** - Admitted to Georgia Bar in 1998. Education: Michigan State University (B.A., cum laude, 1994); University of Mississippi (J.D., cum laude, 1998). Publications: Co-Author, "Rulings Shift Leverage Away from Secured Creditors," National Law Journal (February 15, 2010). Member: Atlanta Bar Association, Bankruptcy Law Section; State Bar of Georgia; American Bankruptcy Institute; Turnaround Management Association. Seminar Presentations: "Bankruptcy – An Overview of the Challenges and Opportunities," Atlanta Chapter of Georgia Society of Certified Public Accountants, Atlanta, Georgia (Spring 2010); "Planning and Managing a Chapter 11 Reorganization from Start to Finish in Georgia," National Business Institute (Fall 2005); "Basic Bankruptcy Litigation in Georgia," National Business Institute (Fall 2004); "Bankruptcy: a Creditor's Perspective," Lorman Education Services (Winter 2004); "Creditors' Rights and Protection of Security Interests in Bankruptcy in Georgia," Sterling Education Services (Fall 2003). Practice Areas: Bankruptcy, Creditors' Rights and Workout, Litigation, Real Estate, and Telecommunications.

13503656v1

**MICHAEL J. BARGAR** – Admitted to Georgia Bar in 2010. Education: Ashland University (B.A., 2001); Case Western Reserve University, (MBA, 2007); Emory University (J.D., 2010). Member: State Bar of Georgia. Executive Notes and Comments Editor, *Emory Bankruptcy Developments Journal*. Practice Areas: Bankruptcy, Creditors' Rights and Financial Restructuring. Barrister, W. Homer Drake, Jr. Georgia Bankruptcy American Inn of Court. Panel Member, Chapter 7 Panel of Trustee for the Northern District of Georgia. Fellow, American Bar Foundation.

## OF COUNSEL

**WILLIAM D. MATTHEWS** – Admitted to Georgia Bar in 1986. Education: University of South Carolina (B.S., Mathematics, magna cum laude, 1983); Duke University School of Law (J.D., with honors, 1986). Member: State Bar of Georgia. Law Clerk for the Honorable W. H. Drake, Jr. (1986-1989). Practice Areas: Bankruptcy, Creditors' Rights and Financial Restructuring.

## ASSOCIATES

**MEGHAN J. WELLS** – Admitted to Georgia Bar in 2016. Education: University of Georgia (B.S., summa cum laude with honors, 2013); University of Georgia (J.D., magna cum laude, 2016, Order of the Coif). Managing Board Member, *Georgia Law Review*. Member: State Bar of Georgia. Practice Areas: Bankruptcy, Creditors' Rights and Financial Restructuring**.**

13503656v1

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | CASE NO. 14-67619-WLH |
| | ) | |
| **RAJESHWAR D. SHARMA,** | ) | CHAPTER 7 |
| | ) | |
| Debtor. | ) | |
| | ) | |

### AFFIDAVIT OF NEIL C. GORDON

**STATE OF GEORGIA**
**COUNTY OF FULTON**

Before me, the undersigned attesting officer duly authorized to administer oaths, personally appears Neil C. Gordon, who after being duly sworn, deposes and says:

1.

I am a partner in the law firm of Arnall Golden Gregory LLP ("AGG "), and am the partner responsible for AGG's representation in the above-styled Chapter 7 case.

2.

The facts set out in the foregoing Final Compensation by Attorneys for Trustee and the Exhibits attached thereto, are true and correct to the best of my knowledge, information and belief. Those facts are known to me personally or established by business records of Arnall Golden Gregory LLP maintained in the ordinary course of business, including time and disbursement records made by lawyers and paralegals.

/s/ Neil C. Gordon
NEIL C. GORDON

Sworn to and subscribed before me
This _____ day of November, 2020.
/s/ Angela G. Ford
Notary Public
My Commission Expires 5/5/21

**EXHIBIT "C"**

13503656v1

## CERTIFICATE OF SERVICE

This is to certify that I caused to be served the foregoing *Application for Final Compensation by Attorneys for Trustee and Request for Authorization to Pay Compensation* by causing a copy of same to be deposited in the United States Mail in a properly addressed envelope with adequate postage affixed thereon to assure delivery to:

Office of the United States Trustee
362 U.S. Courthouse
75 Ted Turner Drive, S.W.
Atlanta, Georgia  30303

This __5__ day of November, 2020.

/s/ Neil C. Gordon
Neil C. Gordon

13503656v1